**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0556n.06

**No. 08-1120**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 11, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ELOY OSUNA, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SILER, GIBBONS, and GRIFFIN, Circuit Judges.

**PER CURIAM**. Eloy Osuna appeals his sentence following his guilty plea and conviction for conspiracy to possess with the intent to distribute and to distribute more than 5 kilograms of cocaine and 1,000 kilograms of marijuana. The district court sentenced him to 240 months of imprisonment. Osuna contends that the court erred in applying the two-level enhancement to his sentencing guidelines base offense level for possession of a firearm. He further asserts the district court violated the Sixth Amendment when it increased his base offense level based on judge-found facts. We affirm Osuna's sentence.

The district court did not clearly err by increasing Osuna's base offense level for possession of a firearm pursuant to § 2D1.1(b)(1) of the Guidelines. In a conspiracy, the two-level firearm enhancement is determined on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B). It is appropriate

to apply the enhancement to the defendant if any member of the conspiracy actually or constructively possessed a weapon during the commission of the offense and that member's possession was reasonably foreseeable by the other members of the conspiracy. *See United States v. Catalan*, 499 F.3d 604, 607 (6th Cir. 2007); *United States v. Owusu*, 199 F.3d 329, 347 (6th Cir. 2000). It is not necessary that the defendant had actual knowledge of his coconspirator's possession. The standard is "whether a reasonable person would have foreseen that a gun would be present during the commission of the offense." *Catalan*, 499 F.3d at 607.

Osuna argues that the district court committed clear error by imposing the firearm enhancement because the presence of firearms at Humphry's residence, the conspiracy headquarters, was not reasonably foreseeable to him. He alleges that any evidence indicating he knew there were firearms at Humphry's house is presumptive and entirely circumstantial.

Osuna's arguments fail. First, most of his coconspirators confessed to their own knowledge of the firearms inside the Humphry house, even those that spent much less time there than did Osuna. Second, when the police searched the house after Humphry's death, they found handguns in clear view in the living room, kitchen, and bedroom, as well as large amounts of ammunition in these rooms. An assault rifle was in the front closet. Third, Osuna admitted to acting as the doorman and security guard for the headquarters while he stayed there. When a visitor came to the Humphry house, the doorman or security guard would open the door with a handgun and allow the visitor inside only after being patted down. Given Osuna's role as the doorman/security guard and the abundance of weapons in the house, the presence of firearms during the conspiracy was reasonably foreseeable to Osuna.

No. 08-1120

The district court did not violate the Sixth Amendment by applying judge-found facts to enhance Osuna's base offense level. "District courts may, consistent with the Sixth Amendment, find sentencing facts in applying the now-advisory sentencing guidelines." *United States v. Vonner*, 516 F.3d 382, 384 (6th Cir. 2008) (en banc). This rule has been consistently reiterated in the Sixth Circuit. *See United States v. Conaster*, 514 F.3d 508, 527 (6th Cir. 2008) ("[T]he increase in a defendant's sentence based on facts not admitted by the defendant or proven to a jury beyond a reasonable doubt does not violate the Sixth Amendment."). When the exact amount of drugs involved is uncertain, as is the case here, a district court may estimate the amount using competent evidence in the record for sentencing purposes. *Owusu*, 199 F.3d at 338.

There was evidence in the record upon which the district court could rely indicating that Osuna transported an additional 50 - 150 kilograms of cocaine over and above the amount Osuna pled guilty to transporting. The government provided evidence from Mark Osuna, the defendant's brother and coconspirator, which detailed the transfer of the additional 50 - 150 kilograms of cocaine from Texas to Michigan. Testimonial evidence from one coconspirator is "sufficient to determine the amount of drugs for which another coconspirator should be held accountable." *Id.* at 339. Therefore, the district court did not violate the Sixth Amendment by applying judge-found facts when determining Osuna's appropriate base offense level under the advisory Guidelines.

AFFIRMED.